Hon. Peter G. Striphas Village Attorney, Tuxedo Park
This is in response to your letter of May 9, 1978, whereby you ask whether a village trustee may, at the same time, hold the office of deputy supervisor of the town in which the village is located.
You are correct in your statement that Village Law, § 3-300
contains no prohibition against an elective village officer holding, at the same time, an appointive town office. The pertinent part of that section provides that "* * * no person shall be disqualified from holding a village office by reason of holding any public office * * *" (Village Law, § 3-300 [4]). We can find no statutory or constitutional prohibition preventing one person from holding the two public offices mentioned. Furthermore, there is no incompatibility between the two offices under the classic definition of the term as expressed in Peopleex rel. Ryan v. Green (58 N.Y. 295 [1874]).
In 1948, a former Attorney General addressed the predecessor to this section (Village Law of 1909, ch 64, amd 1939, § 43) in relation to the compatibility of the offices of village trustee and town supervisor (1948 Atty Gen [Inf Opns] 98). That opinion held that the village trustee may also serve as a town supervisor at the same time. While we are mindful of subsequent opinions which pointed out possible conflicts between village trustees and other town board members (1961 Atty Gen [Inf Opns] 99, 1970 Atty Gen [Inf Opns] 41), those situations evidenced a concern when the two municipalities entered into a contractual relationship.
In the instant case we are dealing with a deputy supervisor. Town Law, § 42 provides for the creation of the office of deputy supervisor. The section states that while the office of supervisor is vacant, the deputy supervisor is vested with all of the duties of the supervisor with certain exceptions. The most important restriction imposed upon the deputy supervisor is that when he presides over the town board meetings, he cannot vote (in his capacity as deputy supervisor) on matters coming before the board. This limitation would seem to prevent any of the contractual problems which were expressed in earlier opinions (supra).
Accordingly, it is our opinion that a village trustee may also serve as a deputy town supervisor at the same time.